<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000041
07-MAR-2025
08:02 AM
Dkt. 44 SO**</span>

NO. CAAP-22-0000041

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STEPHANIE HADDAD, Petitioner-Appellee,
v.
LORENCE DOUGLAS LAPOW, Respondent-Appellant


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2DA211000527)


**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Lorence Douglas **Lapow** appeals from the November 15, 2021 **Order For Protection** entered by the Family Court of the Second Circuit.[1]  Lapow also challenges the January 7, 2022 order denying his motion for reconsideration.  We affirm.

Stephanie **Haddad** filed an ex parte petition for a temporary restraining order (**TRO**) against Lapow on November 2, 2021.  The petition stated they had been in a romantic but non-intimate, non-sexual relationship.[2]  It alleged:

> 6.      The most recent acts of domestic abuse or threats of
>         domestic abuse against me are:
>         I have not seen Lauren [sic] in over 14 months —
>         but I am sure he is vandalizing my home.

---

[1]      The Honorable Adrianne N. Heely presided.

[2]      Haddad later testified she and Lapow actually had an intimate relationship.  She described it as a casual, sexual relationship.  She would see Lapow a "couple times a week" at her house.  Haddad couldn't go to Lapow's place because his girlfriend lived with him.

Oct. 22, 2021 — On this day I was at home and it was about 5 a.m. and I could hear something hitting your [sic] home.  I got up and went and I was looking at the camera —I could see a figure of someone throwing things at my home and I believe it to be Lauren.  When I went outside I saw someone had thrown inked eggs at my home and hit my exterior walls.

Aug. 07, 2021 — It was about 6:30 a.m. and I got up and went outside — I noticed that someone had thrown eggs at my home and it hit the exterior walls.  I counted 5 eggs - I think it was Lauren again.
CONTINUED:

. . . .

Jan 26, 2021 — On this day I returned home and I notice there was roofing nails all over my driveway and the grass area — I picked them up and counted over 250 of them — I think I [sic] was Lauren that put them on my property.

Nov. 23, 2020 — It was dawn again and I heard something being thrown at my windows.  I went outside and found 2 rocks, one came through my screen door.  At this time I had a relationship with Lauren and we broke up and went our separate ways in September 2020.  He has not contacted me — but I feel he is vandalizing my home.

A TRO was issued on November 2, 2021.[3]  The order to show cause (**OSC**) hearing was held on November 15, 2021.  Haddad testified she began an intimate relationship with Lapow in April 2020.  They broke up in November 2020.  Haddad did not see who threw the rocks on November 23, 2020, who spread the roofing nails on January 26, 2021, or who threw the eggs on August 7, 2021.  But she called the police and accused Lapow each time.  She offered what she said was a security video of the October 22, 2021 incident.  It showed a person throwing things over a fence.  The person's face is not visible, but Haddad testified she could tell it was Lapow from his body language and how he moved.  The family court admitted the video into evidence over Lapow's objection.  The Order for Protection was entered on November 15,

---

[3]     The Honorable James R. Rouse signed the TRO.

2021, after the hearing.[4]  Lapow moved for reconsideration on November 26, 2021.  An order denying reconsideration was entered on January 7, 2022.  This appeal followed.

Lapow states two points of error: **(1)** there was no foundation for admitting Haddad's security video into evidence; and **(2)** the family court erred by denying his motion for reconsideration.

**(1)**  Lapow contends the family court erred because Haddad did not lay adequate foundation to admit her security video — Exhibit 7 — into evidence.  Determining whether proper foundation has been established lies within the discretion of the trial court.  State v. Luke, 147 Hawaiʻi 126, 137, 464 P.3d 914, 925 (App. 2020).  We review for abuse of discretion.  Id.

For video evidence where no witness actually saw the events captured on the video, "adequate foundational facts must be presented to the trial court, so that the trial court can determine that the trier of fact can reasonably infer that the subject matter is what its proponent claims.  This standard is, ultimately, the standard articulated under [Hawaii Rules of Evidence (**HRE**)] Rule 901(a)."[5]  Id. at 139, 464 P.3d at 927 (cleaned up).

Haddad testified she had an infrared security system on her house.  She took video of the October 22, 2021 incident off her security camera.  She agreed Exhibit 7 was an accurate copy of what she took off her security footage from that day and that nothing had been changed.  The time stamp on the video was October 22, 2021, from 5:01:16 to 5:01:34 a.m.  Based on this

---

[4]     The Order for Protection expired on May 15, 2022, but the *collateral consequences* exception to the mootness doctrine applies.  Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 11, 193 P.3d 839, 849 (2008).

[5]     HRS § 626-1, HRE Rule 901 (2016) provides:

> (a) General provision.  The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

testimony, the family court acted within its discretion by admitting the video into evidence.

Lapow does not challenge the family court's findings of fact. The court found:

> 15. [Haddad] is positive it was [Lapow] on the surveillance video as she knows his walk, his gait, his body type.[6]
>
> . . . .
>
> 22. [Lapow] denied throwing rocks at [Haddad]'s residence; denied putting nails in her driveway and denied throwing eggs at her house.
>
> . . . .
>
> 30. The court finds [Haddad]'s testimony more credible than [Lapow]'s testimony.
>
> . . . .
>
> 32. The court finds that [Haddad] met her burden of proving that there was an intentional and knowing damage to [Haddad]'s property, by [Lapow]. The court found [Haddad]'s testimony credible, that she was positive, that the person on the video was [Lapow].
>
> . . . .
>
> 34. The court also viewed the video and although it was unable to see the person's face, saw the person was wearing a hoodie and is of the same build as [Lapow], and found that said person, had knowledge of where to walk, and when to duck from the surveillance, after walking the remote, long, single, dirt road from the highway, and where to damage [Haddad]'s second floor entry way, wall and window area.
>
> 35. The court also finds that the property damage started immediately following [Lapow] and [Haddad]'s falling out and continued for the next year, and that the granting of the protective order is necessary so that acts of domestic abuse "malicious property damage" do not re-occur.

---

6   HRE Rule 901 also provides:

> (b)   Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
>
> . . . .
>
> (4)   Distinctive characteristics and the like. Appearance . . . or other distinctive characteristics, taken in conjunction with circumstances.

(Footnotes omitted.)

The family court applied the correct law to its unchallenged findings of fact.  A ruling supported by the trial court's findings and correctly applying the law will not be overturned.  Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).

**(2)**  Lapow contends the family court erred by denying his motion for reconsideration of the Order for Protection.  We review for abuse of discretion.  Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

The family court incorrectly concluded Lapow's motion was untimely.  The Order for Protection was entered on November 15, 2021.  Lapow's motion was filed on November 26, 2021.  Hawaiʻi Family Court Rules (**HFCR**) Rule 59(e) requires that motions for reconsideration be filed within 10 days after entry of the order for which reconsideration is sought.  But November 25, 2021 was a state holiday, Thanksgiving Day.  HRS § 8-1 (2009).  Thus, Lapow's motion was timely filed on November 26, 2021.  HFCR Rule 6(a).

The family court also ruled that Lapow "has not met the burden of establishing . . . newly discovered evidence had occurred, pursuant to H.F.C.R. Rule 59(e)[.]"  Lapow's motion for reconsideration argued that "the Court made mistaken factual assertions when making its ruling."  The memorandum in support didn't offer new evidence or make any arguments that could not have been offered or made during the evidentiary hearing.  "The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion.  A motion for reconsideration is not time to relitigate old matters."  Amfac, 74 Haw. at 114, 839 P.2d at 27 (cleaned up).  The family court did not abuse its discretion by denying Lapow's motion for reconsideration.

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

The Order For Protection entered by the family court on November 15, 2021, is affirmed.

DATED: Honolulu, Hawaiʻi, March 7, 2025.

On the briefs:

Alen M. Kaneshiro,
for Respondent-Appellant.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge